**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

ROBERT DURAN,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
STEVEN KOEHLER, in his individual and official capacity,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Robert Duran ("Plaintiff" or "Duran"), by and through his attorneys, David A. Lane and Qusair Mohamedbhai of KILLMER, LANE & NEWMAN, LLP respectfully alleges for his Complaint as follows:

**INTRODUCTION**

1.    This is an action for damages against Defendants Steven Koehler ("Koehler") and the City and County of Denver ("Denver"), for violating Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States. Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendments rights when they intentionally, knowingly, recklessly, and with deliberate indifference to his constitutional rights, subjected him to an intrusive, unjustified, and illegal use of excessive force. Koehler, a Denver Sheriff's Department Deputy, assaulted Duran while in custody as a pretrial detainee at the Denver City Jail.

2.    Defendants violated Duran's Fourth and Fourteenth Amendment rights when

they, through an official governmental custom, policy, or practice, knowingly and with deliberate indifference to his constitutional rights, applied grossly excessive force against him.

3. Defendants' conduct was performed under color of state law and directly or proximately caused the deprivation of Duran's federally protected rights. Denver has a continuing, persistent and widespread practice of unconstitutional misconduct by its law enforcement engaging in excessive force. Denver has a deliberate indifference to or tacit approval of its law enforcement's misconduct, which is performed through official custom, policy, or practice and that custom, policy, or practice, was the moving force behind Defendants' unconstitutional acts.

## JURISDICTION AND VENUE

4. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), and this case is brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's claims for attorney fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

5. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State of Colorado at all relevant times stated herein.

## PARTIES

6. At all times relevant to this complaint, Plaintiff was a citizen of the United States of America and a resident of the State of Colorado.

7. Defendant City and County of Denver are a political subdivision of the State of Colorado.

8.      At all times relevant to this complaint, Koehler was employed by the City and County of Denver, and was acting under color of state law.

9.      At all times relevant to this complaint, the City and Denver and all of its agents and employees were acting within the scope of their official duties and employment, under color of state law.

**FACTS**

10.     On March 22, 2009, Plaintiff was apprehended and arrested by Denver Police officers and was taken into custody at Denver City Jail, located at 1351 Cherokee Street, Denver, Colorado.

11.     Duran's initial charge was an alleged third degree assault. While in the holding cell, Duran and another inmate were involved in an alleged altercation, resulting in Duran being charged with a second charge of third degree assault.

12.     Duran was left in the holding cell until the early hours of March 23, 2009. At approximately 2:30 a.m., Duran was moved to a second cell. Duran was then told by an unknown Denver Sheriff's Department Deputy to walk down a hall to an elevator. Duran proceeded to the elevator without an escort, where he waited for further instructions.

13.     Koehler proceeded into the doorway of the elevator wearing gloves. Koehler was immediately aggressive with Duran and stated words to the effect "you want to be a badass?"

14.     Duran put his hands up as to make a gesture of compliance and surrender.

15.     Plaintiff's conduct in no way suggested he was engaged in any illegal behavior or wrongdoing.

16.     Plaintiff's conduct in no way suggested he posed any danger to anyone.

17.     Without warning or provocation, Koehler aggressively slammed Duran up against

3

the elevator wall.

18.     Koehler dragged Duran from the elevator and then slammed his head with violence against the frame of a door way approximately ten feet away from the elevator.

19.     While Duran was handcuffed, Koehler kicked Duran throughout his body and face while other unknown deputies attempted and eventually succeeded in controlling Koehler.

20.     Koelher's assault on Duran as described herein was captured on video.

21.     Plaintiff was taken by ambulance, in a stretcher, to Denver Health, located at, 777 Bannock Street, Denver, Colorado, where he was treated for the physical injuries he sustained as a result of the assault inflicted by Koehler.

22.     Duran's physical injuries included, but were not limited to, scalp lacerations, bruised ribs, chest contusions, and closed head injury.

23.     As a result of Koehler's unlawful conduct, Duran has also suffered from stress, anxiety, and emotional distress.

24.     Duran was released and taken back to custody later that day on March 23, 2009.

25.     Duran woke up the following morning, March 24, 2009, around 6:00 a.m. and was taken to see a nurse.  Duran overheard the nurse tell an unknown deputy something to the effect of, "you should have been here last night, it was a bloody mess," referring to the assault that Duran was victim to.

26.     All criminal charges were dismissed again Duran, and no criminal charges were brought against him concerning the encounter with Koehler.

27.     An internal investigation resulted in the termination of Koehler on December 12, 2009.  Koehler's termination was affirmed after a Colorado State Personnel Board appeal.

**FIRST CLAIM FOR RELIEF**
**(§ 1983 Fourth Amendment Violation – Excessive Force)**

4

28. Duran hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

29. The actions of Defendants as described herein, while acting under color of state law, intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including his right to freedom from unlawful seizures as guaranteed by the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983, in that the Defendant had no probable cause or reasonable suspicion to believe that Plaintiff had committed any violation of the law prior to seizing his person by means of excessive force.

30. At all times relevant to the allegations in this Complaint, Defendants acted under color of state law.

31. Defendants unlawfully seized Duran by means of excessive physical force and thereby unreasonably restrained his freedom.

32. Defendants' actions, as described above, were objectively unreasonable in light of the facts and circumstances confronting them.

33. Defendants' actions, as described above, were motivated by intent to harm Duran.

34. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

35. Defendants' conduct violated clearly established rights belonging to Duran of which reasonable law enforcement knew or should have known.

36. Denver failed to properly hire, train, supervise and/or discipline members of its law enforcement regarding the proper use of physical force on its pretrial detainees.

37. This inadequate hiring, training and/or supervision results from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Denver.

38. Such failure to properly hire, train and supervise was the moving force behind and proximate cause of Defendants' use of excessive force against Plaintiff, and constitutes an unconstitutional policy, procedure, custom and/or practice.

39. Duran has been and continues to be damaged by Defendants' use of excessive force against him.

40. The acts or omissions of each Defendant, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiff's damages.

41. As a direct result of Defendants' unlawful action as described above, Duran suffered actual physical, emotional, and economic injuries in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 - Constitutional Failure to Train and/or Supervise)**
(Against Defendant City and County of Denver)

42. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

43. Denver developed and maintained law enforcement related policies, procedures, customs, and/or practices exhibiting or resulting in a deliberate indifference to the Fourth and Fourteenth Amendment protected constitutional rights of persons in the City and County of Denver, which proximately caused the violation of Plaintiff's constitutional rights.

44. Denver maintains policies, procedures, customs, and/or practices that tacitly or explicitly authorize unlawful seizures by means of excessive force, and failures to intervene, by

45. In light of the duties and responsibilities of those law enforcement officers that participate in providing safety and security for pretrial detainees, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional rights such as those described herein.

46. Denver is liable for their failure to train and to appropriately supervise officers of the Denver Sheriff's Department.

47. The inadequate training and supervision provided by Denver resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Denver.

48. If any training was given to Koehler concerning civil rights of pretrial detainees to be free from constitutional violations, specifically Fourth and Fourteenth Amendment violations, Denver knew or should have known that such training was reckless or grossly negligent and that misconduct in that area was almost inevitable.

49. Denver has a duty to protect the constitutional rights of the members of the public from violations of those rights by members of its Sherriff's Department.

50. As a direct and proximate cause and consequence of Denver's failure to train and supervise, Plaintiff suffered injuries, damages and losses as set forth above.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – 14th Amendment Substantive Due Process –**
**Invasion of Bodily Integrity**

51. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

52. Koehler was acting under color of state law in his actions and inactions which occurred at all times relevant to this action.

53. Koehler disregarded Duran's constitutional right to bodily integrity by assaulting him.

54. Koehler acted with conscious disregard to the serious and obvious risk to Duran's safety, and violated Duran's constitutionally protected right to bodily integrity.

55. The acts and/or omissions of Koehler were the legal and proximate cause of Duran's damages in that he suffered extreme physical injury, including physical intrusion into his bodily privacy and integrity, severe and ongoing mental damages, humiliation, mental and emotional

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendants, and grant:

(a) Appropriate declaratory and other injunctive and/or equitable relief;

(b) Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c) All economic losses on all claims allowed by law;

(d) Punitive damages on all claims allowed by law and in an amount to be determined at trial;

(e) Attorneys fees and the costs associated with this action, including those associated with having to defend against the false criminal charge as well as expert witness

        fees, on all claims allowed by law;

(f)    Pre and post-judgment interest at the lawful rate.

(g)    Any further relief that this court deems just and proper, and any other relief as allowed by law.

PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.

Dated this 1st day of July 2010.

                                         KILLMER, LANE & NEWMAN, LLP

                                         s/ Qusair Mohamedbhai
                                         _____
                                         David A. Lane
                                         Qusair Mohamedbhai
                                         1543 Champa Street, Suite 400
                                         Denver, Colorado 80202
                                         (303) 571-1000
                                         Attorneys for Plaintiff