IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01569–REB–KMT

ROBERT DURAN,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality, and
STEVEN KOEHLER, in his individual and official capacity,

    Defendants.

## ORDER

This matter is before the court on Defendant City and County of Denver's "Unopposed Motion for Temporary Stay of Proceedings Pending Disposition of Defendant Steven Koehler's Bankruptcy Proceeding" (Doc. No. 31, filed May 3, 2011) and "Unopposed Motion to Modify Scheduling Order" (Doc. No. 32, filed May 3, 2011).

On February 24, 2011, Defendant Koehler filed a Suggestion of Bankruptcy and Notice of Automatic Stay. (Doc. No. 20.) Pursuant to the Notice, on February 28, 2011, this court entered an Order staying all proceedings against Defendant Koehler. (Doc. No. 21.) As a result of the stay, no discovery may be obtained from Defendant Koehler, nor can he be compelled to provide testimony if the trial in this case proceeds before the bankruptcy stay is lifted. Defendant City and County of Denver now seeks a stay of this matter pending disposition of Defendant Steven Koehler's bankruptcy proceedings.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.  *Kansas City Southern Ry. Co. v. United* States, 282 U.S. 760, 763 (1931).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  Federal Rule of Civil Procedure 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(1).  Specifically, this court has found that subjecting a party to discovery when a motion to dismiss based on a jurisdictional defense is pending would subject him to undue burden or expense if the motion to dismiss is later granted.  *String Cheese Incident,* 2006 WL 894955, at *2 (defense of lack of personal jurisdiction).  When considering a stay of discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.*; *see also*, *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987).  Indeed, a court may decide that in a particular

case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., Federal Practice and Procedure § 2040, at 521-22 (2d ed. 1994); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors for determination of the propriety of a stay, the court finds that a stay is appropriate here. First, the defendant's motion to stay is unopposed. Plaintiff has expressed concerns about providing discovery in the absence of Defendant Koehler. It also is in Plaintiff's interest to try this case once as opposed to twice, as trying the case twice will be duplicative, will give rise to additional fees and costs, and has the potential to give rise to inconsistent verdicts.

Second, Plaintiff's Complaint (Doc. No. 1) sets forth claims against Defendant Koehler pursuant to 42 U.S.C. § 1983 for an alleged violation of his Fourth Amendment rights for an alleged use of excessive force and for an alleged violation of the Fourteenth Amendment based upon an alleged invasion of bodily integrity. (*See* Doc. No. 1.) The Complaint also alleges municipal liability against Denver under *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) for an alleged failure to train and supervise its employees. Defendant City and County of Denver would be unfairly prejudiced in the absence of a stay, as the determination of Plaintiff's *Monell* claim is entirely dependent upon whether Defendant Koehler's alleged conduct was unconstitutional, and Defendant City and County of Denver cannot be held liable if there was no underlying constitutional violation by Defendant Koehler. *See City of Los Angeles*

*v. Hellar*, 475 U.S. 796, 799 (1986); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782-83 (10th Cir.1993).  As a result, complete relief cannot be obtained in this proceeding without Defendant Koehler.

Third, the court also considers its own convenience, the interests of non-parties, and the public interest in general.  None of these factors prompt the court to reach a different result.  A stay will avoid the possibility of having duplicative trials which could result in juror confusion as well as inconsistent verdicts.  Moreover, the public interest also will be substantially served by staying the proceedings in this case, as Defendant City and County of Denver is a governmental entity and public resources will be conserved by litigating Plaintiff's claims only once.  Finally, there are no compelling nonparty interests that will be affected by a stay.

Therefore, it is

**ORDERED** that Defendant City and County of Denver's "Unopposed Motion for Temporary Stay of Proceedings Pending Disposition of Defendant Steven Koehler's Bankruptcy Proceeding" (Doc. No. 31) is **GRANTED**.  All proceedings in this case are **STAYED** unless and until relief from the automatic stay in Bankruptcy Case No. 11-13292-SBB is granted or until disposition of Defendant Koehler's bankruptcy proceedings or further order of the court.  The parties are **ORDERED** to file a status report in this case within ten days of any relief from stay in the bankruptcy case or within ten days of disposition of the bankruptcy proceedings.

The "Unopposed Motion to Modify Scheduling Order" (Doc. No. 32) is **DENIED** as moot.

Dated this 9th day of May, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge