**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-01569-REB-KMT

ROBERT DURAN,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality, and
STEVEN KOEHLER, in his individual and official capacity,

      Defendants.

**ORDER DENYING DEFENDANT KOEHLER'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matter before is **Defendant Koehler's Motion for Summary Judgment** [#50],[1] filed July 16, 2012. I deny the motion in part and deny it as moot in part. Nevertheless, I grant judgment on plaintiff's claims against Mr. Koehler in his official capacity as duplicative of his claims against the City and County of Denver.

**I. JURISDICTION**

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question).

**II. STANDARD OF REVIEW**

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Id.** at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

On March 22, 2009, plaintiff was arrested and taken into custody at the Denver City Jail on an alleged third degree assault charge.  At approximately 2:30 a.m. the following morning, plaintiff was moved to a cell on a different floor.  In the process, he was directed to go to an elevator and await further instructions, which he did.  There he encountered defendant Steven Koehler, a deputy sheriff, who was working the elevator.

What transpired next was captured on video, which was recounted in detail by a Career Service Board hearing officer in her opinion:

> Mr. Duran, shown shirtless and in a white hat in the video, stopped in front of [Mr. Koehler] with his arms folded and asked [Mr. Koehler] for a sack lunch. [Mr. Koehler] refused, and pushed Mr. Duran into the elevator with both hands, causing Mr. Duran to hit the far side of the elevator with his right shoulder.  Mr. Duran reacted by raising his fists and jumping up and down in anger. . . . [Mr. Koehler] closed the internal cage-style door between him and the inmates, and pushed the button to the fourth floor.  During the ride, Mr. Duran swore and pointed his finger angrily at [Mr. Koehler], saying, "I'll kick your white ass."  A few seconds later, he stepped toward [Mr. Koehler] and swore at him.  When they arrived at the fourth floor, [Mr. Koehler] got out and took the trip sheet paperwork on the four inmates to the officers at the desk.

> He informed them that he had an aggressive, hostile prisoner on board, then went back to the elevator and opened the door. Deputies Timothy Lyons and Kenny Medina followed him to assist if necessary[.]
>
> When the door opened, the other inmates were crowded into a corner away from Mr. Duran, who lifted his forearms with palms up. [Mr. Koehler] immediately grabbed him by the upper torso, pushed him to the back wall, and pulled him off the elevator by his neck and right shoulder. . . . Mr. Duran kept his hands up while being pushed by [Mr. Koehler] to the sally port a few feet to the left of the elevator, and hit his head on the door jam on the way in. Deputies Lyons and Medina followed them in and attempted to restrain the inmate. During the struggle, Mr. Duran cut his head against the sharp corner of a metal key box jutting eight inches from the wall at about chest level. A few seconds later, Mr. Duran crawled out of the cell, and the three deputies held onto him as he lay on the floor, still resisting. . . . After being ordered to stop resisting by Deputy Medina, Mr. Duran held his arms still and Lyons handcuffed his hands behind his back. Deputy Medina went to the desk to call a sergeant. [Mr. Koehler] and Deputy Lyons carried the prisoner into the sally port backward by his cuffed arms.
>
> A second scuffle ensued when he was placed back in the sally port. The three deputies again tried to control Mr. Duran, who ended up sitting on the floor near the right door jam, still trying to get up. Deputy Lyons held him back with his hand on his chest, and told the other deputies to leave. Deputy Medina stood a few feet behind Deputy Lyons in order to help if needed, and [Mr. Koehler] stood farther back in the room. Deputy Lyons continued to hold Mr. Duran by his upper body and ordered him not to move. When Mr. Duran shifted suddenly toward the entryway, Deputy Medina went back in the cell. [Mr. Koehler] also re-entered, and forcefully kicked Mr. Duran in the head with the bottom of his boot. Mr. Duran was then locked in the sally port.

(**Plf. Resp. App.**, Exh. 2 at 2-3 [#56], filed August 6, 2012.) Finding that Mr. Koehler had violated the sheriff's department's use of force policy and subsequently gave untruthful statements about his involvement in these incidents, the City terminated his employment on December 12, 2009. By this lawsuit, plaintiff has filed an excessive force claim against Mr. Koehler pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment.

     Mr. Koehler has now moved for summary judgment on two grounds. In the first, he

maintains that plaintiff's claims should be dismissed insofar as they purport to implicate the Fourth Amendment.  However, plaintiff now has conceded that his section 1983 claims arise and should be analyzed exclusively under the substantive due process protections of the Fourteenth Amendment.  (*See* **Final Pretrial Order** ¶ 3.a.1.at 3 n.1 [#68], filed September 26, 2012.)  This much of Mr. Koehler's motion therefore is moot, and will be denied as such.

By the second, and more substantive, part of his motion, Mr. Koehler claims that he is entitled to qualified immunity as against plaintiff's claim of excessive force.  Officials are immune from civil liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); **see also Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert. denied**, 122 S.Ct. 96 (2001).  To overcome this immunity, plaintiff must establish both that defendant violated his rights under federal law and that such rights were clearly established at the time of the violation.  **Greene v. Barrett**, 174 F.3d 1136, 1142 (10th Cir. 1999).

Evaluating the facts in the light most favorable to plaintiff,[2] it is patent that genuine issues of material fact exist as to whether Mr. Koehler violated plaintiff's Fourteenth Amendment rights.  Force is considered excessive for purposes of the Fourteenth Amendment if it is either "inspired by malice or by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience[.]"  **Roska ex rel. Roska v. Peterson**, 328 F.3d 1230, 1243 (10th Cir. 2003) (citation and internal quotation marks omitted).  Three factors guide this determination: "(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor."  **Id**.  Considering those factors in the

---

[2] For purposes of this motion, I cannot credit Mr. Koehler's own, highly sanitized, account of the events that transpired that morning – which is in stark conflict with both plaintiff's version of events and the facts found by the Career Service Board hearing officer.

4

context of this case, plaintiff clearly has presented sufficient evidence from which a reasonable jury could conclude that Mr. Koehler acted with malice or excessive zeal in, at the very least, kicking a handcuffed, although admittedly still somewhat recalcitrant, prisoner in the head.

Moreover, I have little trouble in concluding that the right to be free from such uses of force as the facts (again construed in the light most favorable to plaintiff) suggest was used here, was clearly established as of March 23, 2009.  A right is clearly established if "a Supreme Court or other Tenth Circuit decision on point, or the clearly established weight of authority from other circuits [have] found the law to be as the plaintiff maintains." ***Murrell v. School District No. 1, Denver, Colorado***, 186 F.3d 1238, 1251 (10th Cir. 1999).  Nevertheless, the existence of excessive force is a fact-specific inquiry, and because "there will almost never be a previously published opinion involving exactly the same circumstances," ***Casey v. City of Federal Heights***, 509 F.3d 1278, 1284 (10th Cir. 2007), cases are judged on a sliding scale:  "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." ***Pierce v. Gilchrist***, 359 F.3d 1279, 1298 (10th Cir. 2004).  Moreover, "when an officer's violation . . . is particularly clear . . ., we do not require a second decision with greater specificity to clearly establish the law." ***Morris v. Noe***, 672 F.3d 1185, 1197 (10th Cir. 2012) (citation and internal quotation marks omitted). ***See also Buck v. City of Albuquerque***, 549 F.3d 1269, 1290 (10th Cir. 2008) (liability may be found where "a general constitutional rule already identified in the decisional law [applies] with obvious clarity to the specific conduct" at issue); ***Jones v. Hunt***, 410 F.3d 1221, 1229 (10th Cir. 2005) ("[I]t is incumbent upon government officials to make reasonable applications of the prevailing law to their own circumstances.") (citation and internal quotation marks omitted).

Long-standing precedents in this circuit establish that striking a handcuffed detainee in the face and slamming his head into a wall on the way into the police station constitute

excessive force. *See Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir. 1984), *judgment vacated on other grounds*, 106 S.Ct. 40 (1985). Cases under the Fourth Amendment also are instructive. *See Gouskos v. Griffith*, 122 Fed. Appx. 965, 977 (10th Cir. Feb. 17, 2005).[3] Even if there were some doubt as to whether prior precedents clearly established the potential unconstitutionality of Mr. Koehler's purported conduct, if the facts of this case are as plaintiff submits, Mr. Koehler could not have reasonably concluded that his use of force was constitutionally permissible, regardless whether a court had previously so held.

Accordingly, I find and conclude that Mr. Koehler is not entitled to qualified immunity as a matter of law. His motion for summary judgment on that issue therefore must be denied.

Finally, although the parties do not address the issue, I note that Mr. Koehler has been sued in both his official and individual capacities. The official capacity suit, however, is simply duplicative of plaintiff's claims against the city.[4] *See Kentucky v. Graham*, 473 U.S. 159, 165-67 & n.14, 105 S.Ct. 3099, 3105-06 & n.14, 87 L.Ed.2d 114 (1985); *Johnson v. Board of County Commissioners of Fremont*, 85 F.3d 489, 493 (10th Cir.), *cert. denied*, 117 S.Ct. 611 (1996). Accordingly, I will dismiss the official capacity claims against Mr. Koehler *sua sponte*. *Johnson v. Town of Vail, Colorado*, 2009 WL 1394263 at *2 (D. Colo. May 19, 2009).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Koehler's Motion for Summary Judgment** [#50], filed July 16,

---

[3] Decisions of district courts in this circuit further support a conclusion that the facts as alleged by plaintiff may make out a viable claim of excessive force. *See Merritt v. Hawk*, 153 F.Supp.2d 1216, 1223 (D. Colo. 2001) (allegations that officers "body-slammed [the plaintiff] against walls and the floor, kicked, punched, and choked him, and slammed his head into walls, while he was handcuffed and when there was no emergency situation that would justify such an application of force" stated viable claim). *See also Young v. Brock*, 2011 WL 7163067 at *7 (D. Colo. Aug. 15, 2011) (gathering cases), *adopted*, 2012 WL 385494 (D. Colo. Feb. 7, 2012); *Holguin v. City of Albuquerque*, 2006 WL 1228872 at *21 & n.7 (D.N.M. March 1, 2006); *Tweed v. Bertram*, 2003 WL 26098341 at * (D. Utah Sept. 8, 2003).

[4] I will address those claims in a separate order considering the city's motion for summary judgment.

2012, is **DENIED IN PART** and **DENIED AS MOOT** in part, as follows:

    a. That the motion is **DENIED AS MOOT** insofar as it seeks summary judgment on plaintiff's claims purportedly arising under the Fourth Amendment; and

    b. That the motion is in all other respects, **DENIED**;

2. That plaintiff's claims against Mr. Koehler in his official capacity are **DISMISSED WITH PREJUDICE**;

3. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, Steven Koehler, and against plaintiff, Robert Duran, as to all claims and causes of action asserted against this defendant in his official capacity; provided, that the judgment as to that portion of plaintiff's claim against Mr. Koehler shall be with prejudice; and

4. That the claims against defendant Steven Koehler in his official capacity are **DISMISSED**, and the case caption **AMENDED** accordingly.

Dated September 28, 2012, at Denver, Colorado.

                              **BY THE COURT:**

                              */s/ Bob Blackburn*
                              Robert E. Blackburn
                              United States District Judge