**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-01569-REB-KMT

ROBERT DURAN,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality, and
STEVEN KOEHLER, in his individual capacity,

    Defendants.

## ORDER GRANTING CITY AND COUNTY OF DENVER'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before is **City and County of Denver's Motion for Summary Judgment** [#51],[1] filed July 16, 2012. I grant the motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party.

---

[1] "[#51]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Id.* at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

## III.  ANALYSIS

The facts of this case are set forth at length in my **Order Denying Defendant Koehler's Motion for Summary Judgment** [#69], filed September 28, 2012, and need not be repeated here.  In essence, plaintiff claims that defendant Steven Koehler used excessive force against him while he was pretrial detainee in the Denver County jail and that the City is liable for its alleged failure to properly train and/or supervise Mr.

Koehler.[2]  *See Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1240 (10th Cir. 1999) (failure to supervise and failure to train claims analyzed under same standards).  I disagree, and therefore grant the City's motion for summary judgment.

A plaintiff cannot rely on a theory of *respondeat superior* or vicarious liability to assert a viable section 1983 claim against a municipality.  Instead, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989) (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978)).  Accordingly, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove:  (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County Bd. of County Commissioners*, 151 F.3d 1313, 1316 (10th Cir. 1998).  I have already determined that genuine issues of material fact exist as to whether Mr. Koehler violated plaintiff's constitutional rights.  (*See* **Order Denying Defendant Koehler's Motion for Summary Judgment** [#69], filed September 28, 2012.)  Instead, the City focuses on whether plaintiff has presented evidence sufficient to create a genuine issue of material fact regarding the existence of a policy or custom such as would justify imposition of liability on the City.

---

[2] Plaintiff has abandoned any claim for failure to properly hire and/or discipline.  (*See* **Final Pretrial Order** ¶ 3.a.2 at 3-4 [#68], filed September 26, 2012.)

The existence of a policy or custom may be established in myriad ways, including evidence demonstrating the existence of

> (1) a formal regulation or policy statement; (2) an informal custom amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval[;] or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010), *cert. denied*, 131 S.CT. 3030 (2011) (citation and internal quotation marks omitted; first alteration in original). However, mere negligence is insufficient. Instead, a municipality is liable for maintaining an unconstitutional policy or custom "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants[.]" *City of Canton*, 109 S.Ct. at 1205. *See also Pembaur v. Cincinnati*, 475 U.S. 469, 483-84, 106 S.Ct. 1292, 1300-01, 89 L.Ed.2d 452 (1986) ("[M]unicipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives.").

In this case, plaintiff asserts that the Sheriff's Department's maintained a custom of routinely exonerating officers who were the subject of excessive force claims, except in cases, such as this one, where the officer also was found to have "departed from the truth" during the investigation of the charges. Plaintiff presents evidence demonstrating that of the 74 excessive force claims lodged against the Denver Sheriff's Office between

2005 and 2007, none resulted in a finding of "sustained." He points out that in 2007, Internal Affairs refused to investigate 16, or nearly two-thirds, of the 26 inmate-initiated excessive force complaints filed. He also cites to several instances in which deputies either were not terminated or were reinstated because, although they were found to have used excessive force, they did not also lie during the investigation of the charges. Based on these statistics and examples, plaintiff reasons that the Sheriff's Department fostered an atmosphere in which officers felt free to use excessive force without consequence, so long as they were truthful during any investigation that might follow.

The problem with plaintiff's argument is that it tacitly assumes that all, or at least some significant portion, of the excessive force complaints filed were meritorious. I cannot credit such an assumption, because "the number of complaints filed, without more, proves nothing. People may file a complaint for many reasons, or for no reason at all." **Strauss v. City of Chicago**, 760 F.2d 765, 768-69 (7th Cir. 1985). Because plaintiff has provided few specifics about the other claims, it is not reasonable to infer that more of these "complaints should have resulted in discipline of police officers or that the City conducted biased investigations or otherwise ignored or improperly disposed of meritorious . . . complaints." **Hocking v. City of Roseville**, 2008 WL 1808250 at *5 (E.D. Cal. April 22, 2008). **See also Bartolome v. City and County of Honolulu**, 2008 WL 2736016 at *9 (D. Hawaii July 14, 2008); **Hammond v. Town of Cicero**, 822 F.Supp. 512, 514-15 (N.D. Ill. 1993); **Bryant v. Whalen**, 759 F.Supp. 410, 424 (N.D. Ill. 1991). **Cf. Beck v. City of Pittsburgh**, 89 F.3d 966, 974-75 (3rd Cir. 1996) (jury verdict sustained where plaintiff presented "considerably more than mere

5

statistics," including evidence that city had no formal system for tracking complaints, that review of complaints was a "facade," and that prior official report recognized problems with complaint-review procedure and growing number of excessive force complaints), **cert. denied**, 117 S.Ct. 1086 (1997).[3] Plaintiff's evidence does not suggest any correlation between the number of complaints that were filed and the number of complaints that should have been investigated and/or sustained, much less permit the further inference of a link between those complaints and the adequacy of any training or supervision.

Nor does the fact that Mr. Koehler personally believed that his actions were consistent with the department's use of force policy permit a reasonable inference that the department's training or supervision was inadequate. Here again, there are far too many possible alternate explanations – that Mr. Koehler had forgotten crucial parts of his training, that his recollection of events (albeit honestly held) was substantially different from plaintiff's, or that he simply lied – to link his subjective belief to any shortcoming in his training or supervision. For even "adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." **City of Canton**, 109 S.Ct. at 1206. For this same reason, it is not reasonable to infer an inadequacy in training or supervision from the fact that officers who were truthful about their actions during the investigation

---

[3] Nor is there any evidence of a high number of complaints filed against Mr. Koehler himself which might have indicated a potential issue with him particularly. **See Williams v. City of Chicago**, 658 F.Supp. 147, 155 (N.D. Ill. 1987) (claim could not be dismissed where plaintiff alleged that officer "accumulated significantly more complaints, accusing him of more serious kinds of incidents, than the average similarly situated officer"). Indeed, it is conceded that Mr. Koehler was implicated in no prior excessive force complaints.

6

of excessive force charges were subject to less or even no discipline. Indeed, it makes sense for the City to encourage candor in such circumstances, in order to improve officer responses and reduce the incidence of complaints in the future.

Accordingly, I find and conclude that plaintiff has failed to sustain his burden to prove that genuine issues of material fact exist that would merit submitting his claims against the City to a jury. Defendant therefore is entitled to summary judgment and concomitant dismissal of the claims asserted against it in this lawsuit.

**THEREFORE, IT IS ORDERED** as follows:

1. That **City and County of Denver's Motion for Summary Judgment** [#51], filed July 16, 2012, is **GRANTED**;

2. That plaintiff's claims against the City are **DISMISSED WITH PREJUDICE**;

3. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, the City and County of Denver, a municipality, and against plaintiff, Robert Duran, as to all claims and causes of action asserted against it; provided, that the judgment as to the claims against this defendant shall be with prejudice;

4. That defendant the City and County of Denver, a municipality, is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly; and

5. That defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 28, 2012, at Denver, Colorado.

                                       **BY THE COURT:**

                                       */s/ Robert E. Blackburn*
                                       Robert E. Blackburn
                                       United States District Judge