**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No.  10-cv-01569-REB-KMT
ROBERT DURAN,

    Plaintiff,
v.

STEVEN KOEHLER, in his individual capacity,

    Defendant.

# ORDER

**Blackburn, J.**

The matters before me are (1) former defendant the City and County of Denver's **Unopposed Motion for Review of Costs Pursuant to Fed. R. Civ. P. 54(d)(1) and for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d)** [#123],[1] filed October 4, 2013; and (2) plaintiff's **Motion for Relief From Final Judgment To Include Prejudgment Interest Pursuant to Rule 60(b)** [#125], filed October 16, 2013.  I grant the motions.

On September 28, 2012, I granted the **City and County of Denver's Motion for Summary Judgment** [#51], filed July 16, 2012, and dismissed all claims against the City with prejudice.  (*See* **Order Granting City and County of Denver's Motion for Summary Judgment** [#70], filed September 28, 2012.)  Therein, I ordered "[t]hat at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, the City and County of Denver, a municipality, and against plaintiff, Robert Duran, as to all claims

---

[1] "[#123]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

and causes of action asserted against it; provided, that the judgment as to the claims against this defendant shall be with prejudice" (*id.* ¶ 3 at 7), and directed that the City be "**DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly" (*id.* ¶ 4 at 7).[2]  Following a jury trial and verdict in favor of plaintiff against the remaining defendant, Steven Koehler, in July 2013, the clerk of the court entered judgment in favor of plaintiff against Mr. Koehler.  (*See* **Final Judgment** [#108], filed July 31, 2013.)  However, judgment was not entered in favor of the City as contemplated by the order granting the City's motion for summary judgment.  The judgment therefore fails to dispose of all parties and claims in this lawsuit, and must be amended accordingly.

Concomitantly, the award of costs to plaintiff following the successful prosecution of his claim against Mr. Koehler applies exclusively to Mr. Koehler.  Thus, the taxation of costs against both Mr. Koehler and the City is clearly erroneous and must be rectified. (*See* **Bill of Costs** [#122], filed October 2, 2103.)[3]  For these reasons, the City's motion will be granted.

With regard to plaintiff's motion to amend the judgment to include an award of prejudgment interest, I find that motion to be well-taken.  Prejudgment interest is intended "to compensate the wronged party for being deprived of the monetary value of

---

[2] I further provided for an award of costs to the City as a prevailing party under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  (**Order Granting City and County of Denver's Motion for Summary Judgment** ¶ 5 at 7 [#70], filed September 28, 2012.)

[3] Still pending before the court is plaintiff's demand that the City indemnify Mr. Koehler for plaintiff's judgment.  (*See* **Writ of Garnishment** [#133], filed January 14, 2014.)  My determination that costs may not be taxed against the City pursuant to Rule 54(d) does not resolve the issues raised by and inherent to the indemnification motion, which will be addressed by separate order at the appropriate time.

his loss from the time of the loss to the payment of the judgment." ***Zuchel v. City & County of Denver***, 997 F.2d 730, 746 (10th Cir. 1993). "[A]lthough prejudgment interest is ordinarily awarded in a federal case, it is not recoverable as a matter of right." ***Malloy v. Monahan***, 73 F.3d 1012, 1019 (10th Cir. 1996) (citation and internal quotation marks omitted). Nevertheless, and despite the fact that the court retains discretion to award prejudgment interest, *see **Kleier Advertising, Inc. v. Premier Pontiac, Inc***., 921 F.2d 1036, 1040 (10th Cir. 1990), there is a clear preference favoring an award of prejudgment interest in this circuit. ***See United Phosphorus, Ltd. v. Midland Fumigant, Inc***., 205 F.3d 1219, 1236-37 (10th Cir. 2000). In determining whether to award prejudgment interest,

> [t]he district court must first determine whether the award of prejudgment interest will serve to compensate the injured party. Second, even if the award of prejudgment interest is compensatory in nature, the district court must still determine whether the equities would preclude the award of prejudgment interest.

***Caldwell v. Life Insurance Co. of North America***, 287 F.3d 1276, 1286 (10th Cir. 2002) (citation and internal quotation marks omitted).

    The first element is easily satisfied here. "[P]rejudgment interest is not awarded as a penalty; it is merely an element of just compensation." ***City of Milwaukee v. Cement Division, National Gypsum Co.***, 515 U.S. 189, 197, 115 S.Ct. 2091, 2096, 132 L.Ed.2d 148 (1995). Clearly, an award of prejudgment interest in this case will serve that purpose, especially in light of the protracted proceedings that preceded plaintiff's ultimate success on his constitutional excessive force claim.

As for the second inquiry, prejudgment interest is "ordinarily awarded, absent some justification for withholding it." ***Suiter v. Mitchell Motor Coach Sales, Inc.***, 151 F.3d 1275, 1288 (10th Cir. 1998) (internal quotations and citations omitted). Defendant has not argued,[4] and I perceive nothing to suggest, that equity would preclude an award of prejudgment interest in this case. Indeed, quite the opposite is true. Without such an award, plaintiff will not be made whole for the loss he suffered. ***See Osterneck v. Ernst & Whinney***, 489 U.S. 169, 175, 109 S.Ct. 987, 991, 103 L.Ed.2d 146 (1989).

"Calculation of the rate for prejudgment interest also rests firmly within the sound discretion of the trial court." ***Weber v. GE Group Life Assurance Co.***, 541 F.3d 1002, 1016 (10th Cir. 2008) (citation and internal quotation marks omitted). Where the prejudgment rate is governed by federal law, a court is free to choose any rate which would fairly compensate the plaintiff for the delay. ***See Towerridge, Inc. v. T.A.O., Inc.***, 111 F.3d 758, 764 (10th Cir. 1997). "Courts commonly look to state statutory prejudgment interest provisions as guidelines for a reasonable rate." ***Weber***, 541 F.3d at 1016. Under Colorado law, § 13-21-101(1), C.R.S., which governs the recovery of damages in personal injury actions,

> requires payment of prejudgment interest at a rate of nine percent per annum from the date of the accident. Section 13-21-101 requires that simple interest be calculated on the amount of the judgment from the date the action accrued until the day before the action is filed. The simple interest should then be added to the judgment and that sum used as the initial base amount for calculating compound interest annually from the date the action was filed until the date judgment entered.

---

[4] Defendant filed no response to the motion seeking an award of prejudgment interest.

*Wiener v. Sunlight, Inc.*, 2011 WL 4501963 at *6 (D. Colo. Sept. 29, 2011) (internal citations and quotation marks omitted).  Plaintiff has requested recovery pursuant to this provision.  Defendant has not objected.  I find plaintiff's request reasonable and justified and will direct the clerk of the court to enter judgment pursuant to the Colorado statute.

**THEREFORE, IT IS ORDERED** as follows:

1.   That the City and County of Denver's **Unopposed Motion for Review of Costs Pursuant to Fed. R. Civ. P. 54(d)(1) and for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d)** [#123], filed October 4, 2013, is **GRANTED**;

2.   That plaintiff's **Motion for Relief From Final Judgment To Include Prejudgment Interest Pursuant to Rule 60(b)** [#125], filed October 16, 2013, is **GRANTED**; and

3.   That the **Final Judgment** [#108] filed July 31, 2013, is **AMENDED**; as follows:

   a. That judgment **SHALL ENTER** on behalf of plaintiff, Robert Duran, against defendant, Steven Koehler, in the amount of $40,000.00 dollars; plus prejudgment interest of $18,286.78, and postjudgment interest at the rate provided by law from the date of the judgment, *i.e.*, July 31, 2013, to the date the judgment is paid in full;

   b. That plaintiff, Robert Duran, is **AWARDED** his costs, to be taxed against the defendant, Steven Koehler, by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

   c. That  judgment with prejudice **SHALL ENTER** on behalf of defendant,

the City and County of Denver, a municipality, against plaintiff, Robert Duran, in accordance with my **Order Granting City and County of Denver's Motion for Summary Judgment** [#70] at 7, ¶ 3, filed September 28, 2012; and

d.  That defendant, the City and County of Denver, a municipality, is **AWARDED** its costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

4.  That the balance of the **Final Judgment** [#108] filed July 31, 2013, is **RATIFIED** and **CONTINUED** in full force and effect.

Dated August 13, 2014, *nunc pro tunc* to July 31, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

6