**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-01569-REB-KMT

ROBERT DURAN,

    Plaintiff,

v.

STEVEN KOEHLER, in his individual capacity,

    Defendant.

## ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND EXPENSES

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Attorneys Fees and Expenses** [#121],[1] filed September 26, 2013. I grant the motion in part and deny it in part.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

The generally applicable "American Rule" provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser" unless specifically authorized by statute. ***Alyeska Pipeline Service Co. v. Wilderness Society***, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); ***see also Federal Trade Commission v. Kuykendall***, 466 F.3d 1149, 1152 (10th Cir. 2006). Here, attorney fees are available, as part of costs and in the court's discretion, to a prevailing party in a section 1983 action such as this one pursuant to 42 U.S.C. §

---

[1] "[#121]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1988(b).

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. ***Hensley v. Eckerhart***, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); ***Malloy v. Monahan***, 73 F.3d 1012, 1017-18 (10th Cir. 1996). There is a strong presumption that the lodestar fee represents a reasonable fee for purposes of fee-shifting statutes. ***Homeward Bound, Inc. v. Hissom Memorial Center***, 963 F.2d 1352, 1355 (10th Cir. 1992). Nevertheless, in certain exceptional cases, enhancement of the lodestar may be warranted. ***See Ramos v. Lamm***, 713 F.2d 546, 557-58 (10th Cir. 1983). ***See also Barvick v. Cisneros***, 1997 WL 417994 at *12 (D. Kan. July 19, 1997) (citing ***Johnson v. Georgia Highway Express, Inc.***, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920. ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990). Moreover, even where costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable. ***See U.S. Industries, Inc. v. Touche Ross & Co.***, 854 F.2d 1223, 1245 (10th Cir. 1988),

***overruled on other grounds as recognized by Anixter v. Home-Stake Products***

***Co.,*** 77 F.3d 1215, 1231 (10th Cir. 1996).

### III.  ANALYSIS

This lawsuit required two jury trials and nearly three years to bring to resolution and judgment.  A first trial in late 2012 resulted in a hung jury and concomitant mistrial.  Following a subsequent trial in July 2013, the jury returned a verdict in favor of plaintiff on his claim of excessive force against defendant and awarded plaintiff $40,000 in damages.  Plaintiff now seeks $217,195 in attorney fees and $2,195.36 in costs attributable to the litigation.  I consider these requests in reverse order.

The same costs sought in this motion were put forward in plaintiff's **Proposed Bill of Costs** ([#114], filed September 3, 2013).  In accordance with the Federal Rules of Civil Procedure and the local rules of this district, *see* **FED. R. CIV. P.** 54(d)(1); **D.C.COLOLCivR** 54.1, the matter was determined by the clerk of the court, who awarded plaintiff $1,844.36 in costs.  (***See* Bill of Costs** [#122], filed October 2, 2013.)  Plaintiff did not seek review of that order within the time permitted by law. *See* **FED. R. CIV. P.** 54(d)(1) ("On motion served in within the next 7 days [from the date of the clerk's taxation of costs], the court may review the clerk's action.").  At this stage, therefore, plaintiff's request is essentially an untimely motion to reconsider the clerk's determination of costs, without any showing that such determination was erroneous or that additional costs are warranted under the relevant legal standards.  Thus, the motion will be denied to the extent it seeks recovery of costs of more than $1,844.36.

I now turn to plaintiff's request for attorney fees.  As provided by 42 U.S.C. §

1988(b), attorney fees are available to a "prevailing party" in the litigation. There is little question but that plaintiff – who secured a verdict in his favor – is the prevailing party in this lawsuit. Defendant suggests, however, that plaintiff should not recover any fees attributable to the 2012 trial because he was not the prevailing party with respect to that trial. Defendant offers no authority – other than his own *ipse dixit* – to support this argument, and it is not the law. "[S]o long as a plaintiff's actions are not responsible for the need for a second trial, the plaintiff may be [awarded attorney fees] for time spent on both proceedings." **Shott v. Rush-Presbyterian-St. Luke's Medical Center**, 338 F.3d 736, 740 (7th Cir. 2003) (second alteration in original). **See also O'Rourke v. City of Providence**, 235 F.3d 713, 737 (1st Cir. 2001); **Gierlinger v. Gleason**, 160 F.3d 858, 879 (2nd Cir. 1998). The jury's failure to reach a unanimous verdict in the 2012 trial was not attributable to any fault on plaintiff's part. The court therefore must be wary of "pars[ing] too thinly" his request for fees associated with that trial. **Abner v. Kansas City Southern Railway Co.**, 541 F.3d 372, 382 (5th Cir. 2008). The fact that plaintiff ultimately prevailed on his claim is what matters, and it is not unreasonable to conclude that the lessons learned in unsuccessfully prosecuting the first trial were, to some extent, responsible for plaintiff's later success in the second.

Relatedly, I reject defendant's argument that plaintiff should not recover fees attributable to his ultimately unsuccessful claim against the City and County of Denver. "Where the plaintiff has failed to prevail on a claim *that is distinct in all respects* from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." **Hensley**, 103 S.Ct. at 1943 (emphasis

added). Plaintiff's claims against defendant and the City, however, were not "distinct in all respects." Indeed, they were two sides of the same coin – defendant's substantive violation of plaintiff's constitutional rights was alleged to be attributable, at least in part, to the City's inadequate training and supervision. "[C]laims are related if they are based on a common core of facts or are based on related legal theories" and, in such circumstances, "failure on some claims should not preclude full recovery [of attorney's fees] if [the] plaintiff achieves success on a significant, interrelated claim." ***Flitton v. Primary Residential Mortgage, Inc***., 614 F.3d 1173, 1177 (10th 2010) (citations and internal quotation marks omitted; second and third alterations in original). Such is the case here, and therefore I perceive no justification for reducing the lodestar amount on this basis.

     I also find that the number of hours expended by counsel in the prosecution of this litigation was reasonable in light of all the circumstances. In reviewing the comprehensive documentation submitted in support of the motion, it is clear to the court that plaintiff's counsel has exercised billing judgment in connection with their request for attorney fees and have made every effort to delete duplicative, unnecessary, or otherwise inappropriate billing entries. Although defendant suggests otherwise, he fails to point to any specific entry which illustrates or substantiates his argument, and it is plainly belied by the evidence of record. In addition, plaintiff's counsel's billing records demonstrate an intelligent and appropriate delegation and distribution of responsibility between and among the various attorneys and paralegals who worked on this matter over the three years it was pending final resolution. Accordingly, I find and conclude

that the 571.6 hours expended were reasonable in light of the nature and duration of this case.

As for the second piece of the lodestar calculation – a reasonably hourly fee – plaintiff has proffered sufficient evidence to support the conclusion that the rates charged by each of the various attorneys who participated in this litigation are reasonable and within the realm of rates charged by other lawyers of similar skill and experience in the Denver metropolitan market. **See Ramos**, 713 F.2d at 555. Defendant has not argued, much less attempted to prove, otherwise. Moreover, counsel appropriately request to be compensated at their current hourly billing rates, which have increased since the initiation of the litigation, to account for the delay in payment of fees in contingency fee cases such as this one. **See Missouri v. Jenkins**, 491 U.S. 274, 283-84, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989); **Ramos**, 713 F.2d at 555. Again, defendant offers neither argument nor evidence to suggest that these rates are inappropriate. I thus conclude that plaintiff's counsel may be compensated at the rates requested.

Multiplying the number of hours reasonably expended on the litigation and the reasonable hourly rates billed results in a lodestar of $217,195. Although plaintiff requests an enhancement of the lodestar, I do not find this case to present any of the rare and exceptional circumstances that warrant an enhancement.[2] "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the

---

[2] Moreover, plaintiff fails to propose any reasonable formula which might enable the court to make this calculation even if it were appropriate. **See Perdue v. Kenny A. ex rel. Winn**, 559 U.S. 542, 555-56, 130 S.Ct. 1662, 1674-75, 176 L.Ed.2d 494 (2010) (any enhancement of lodestar must be calculated based on a method that is reasonable, objective, and capable of appellate review).

representation of a meritorious civil rights case," and "the lodestar method yields a fee that is presumptively sufficient to achieve this objective." ***Perdue v. Kenny A. ex rel. Winn***, 559 U.S. 542, 552, 130 S.Ct. 1662, 1672-73, 176 L.Ed.2d 494 (2010).  Plaintiff fails to produce the type of "specific evidence" necessary to warrant a conclusion that further enhancement is necessary to "provide fair and reasonable compensation." ***Id.***, 130 S.Ct. at 1673 (citation and internal quotation marks omitted).  Although it is certainly true, as plaintiff avers, that this case was risky and presented several unique challenges, he neither suggests nor attempts to substantiate any argument that the lodestar amount is "[in]adequate to attract competent counsel." ***Id.*** at 1674.  Nor does he attempt to demonstrate how this case might come within the other limited exceptions that have been recognized as presenting appropriate circumstances justifying an enhancement of the lodestar. ***See id.*** at 1674-75.[3]  I thus deny the motion to the extent it seeks such an enhancement.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Attorneys Fees and Expenses** [#121], filed September 26, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. That the motion is **GRANTED** insofar as plaintiff seeks attorney fees under 42 U.S.C. § 1988(b) in the amount of $217,195; and

---

[3] As most recently articulated by the Supreme Court, an enhancement may be appropriate (1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation," ***Perdue***, 130 S.Ct. at 1674 (footnote omitted); (2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted," ***id.***; or (3) when "an attorney's performance involves exceptional delay in the payment of fees," ***id.*** at 1675.  None of these circumstances is implicated in this case.

      b. That the motion is **DENIED** insofar as it seeks an enhancement of the lodestar and an award of costs of more than $1,844.36 as already determined and approved by the clerk of the court;

2. That pursuant to 42 U.S.C. § 1988(b), plaintiff is **AWARDED** attorney fees in the amount of $217,195 against defendant, Steven Koehler; and

3. That the **Amended Final Judgment** [#150] filed August 19, 2014, is **AMENDED** to include the award of attorney fees and costs to the plaintiff.

Dated August 25, 2014, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Robert E. Blackburn*
                                      Robert E. Blackburn
                                      United States District Judge