**PUBLISH**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 10-cv-01569-REB-KMT

ROBERT DURAN,

    Plaintiff,

v.

STEVEN KOEHLER, in his individual capacity,

    Defendant.

## ORDER DENYING PLAINTIFF'S TRAVERSE OF ANSWER
## TO GARNISHMENT AND DISMISSING WRIT OF GARNISHMENT

**Blackburn, J.**

    The matters before me are plaintiff's (1) **Traverse of Answer to Garnishment** [#136],[1] filed March 4, 2014; and (2) **Opposed Motion for Expedited Ruling Due to Seasonal Change [Doc. # 153]** [#153], filed September 8, 2014. Because the court lacks ancillary jurisdiction over this proceeding, the traverse is denied and the writ dismissed. The motion for expedited ruling is denied as moot.

    The underlying facts giving rise to this lawsuit are well known to the parties and need not be repeated here. After plaintiff's claims against the City and County of Denver were dismissed, plaintiff proceeded to trial against defendant, who at the time of the underlying incident was a Denver police officer. The jury returned a verdict for plaintiff on his claim of excessive force and awarded plaintiff $40,000 in compensatory

---

[1] "[#136]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

damages. Judgment on the verdict entered July 31, 2013 [#108].

0n January 14, 2014, plaintiff filed an application for writ of garnishment against the City [#132], which the court granted that same day [#133]. By its answer [#135], filed February 11, 2014, the City denied that any funds were payable under the writ. The present traverse followed. The court held a hearing on the issues raised by and inherent to the motion on May 9, 2014, and requested further briefing on the issues as well as an offer of proof from the City. The City has filed its response and offer of proof, and plaintiff has filed his reply. Thus, the matter is ripe for determination.

Among the bases advanced by the City in support of its position, it argued that the court lacked ancillary jurisdiction over plaintiff's efforts to enforce the judgment by means of a writ of garnishment. I agree. The resolution of this issue is squarely controlled by the Supreme Court's decision in **Peacock v. Thomas**, 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817(1996) which discussed the concept and limitations of ancillary jurisdiction in depth:

> We have recognized that a federal court may exercise ancillary jurisdiction "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." **Kokkonen v. Guardian Life Ins. Co.**, 511 U.S. 375, 379-380, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994) (citations omitted). . . . .
>
> "[A]ncillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court." **Owen Equipment & Erection Co. v. Kroger**, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). Ancillary jurisdiction may extend to claims having a factual

2

> and logical dependence on "the primary lawsuit," *ibid*., but that primary lawsuit must contain an independent basis for federal jurisdiction. The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. *See Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction. *See Kokkonen*, *supra*, at 380–381, 114 S.Ct., at 1677; *H.C. Cook Co. v. Beecher*, 217 U.S. 497, 498–499, 30 S.Ct. 601, 601–602, 54 L.Ed. 855 (1910). Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit. The basis of the doctrine of ancillary jurisdiction is the practical need "to protect legal rights or effectively to resolve an entire, logically entwined lawsuit." *Kroger*, 437 U.S., at 377, 98 S.Ct., at 2404. But once judgment was entered in the original [] suit, the ability to resolve simultaneously factually intertwined issues vanished. As in *Kroger*, "neither the convenience of litigants nor considerations of judicial economy" can justify the extension of ancillary jurisdiction over [respondent's] claims in this subsequent proceeding. *Ibid*.

*Id.*, 116 S.Ct. at 867. Thus, the Court noted that its recognition of the supplementary powers of the federal courts to enforce their judgments by means of, *inter alia*, writs of garnishment "has not . . extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment. We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Id.* at 868. *See also Ellis v. All Steel Construction, Inc.*, 389 F.3d 1031, 1033 (10th Cir. 2004) ("'[W]hen postjudgment proceedings seek to hold nonparties liable for a judgment on a theory that requires proof on facts and theories significantly different from those underlying the

3

judgment, an independent basis for federal jurisdiction must exist.'") (quoting *In Sandlin v. Corporate Interiors Inc.*, 972 F.2d 1212, 1217 (10th Cir. 1992)); *Hudson v. Coleman*, 347 F.3d 138, 141-46 (6th Cir. 2003) (court did not have ancillary jurisdiction over garnishment proceeding against City of Flint, Michigan, which had previously been dismissed as party to section 1983 case, by plaintiff who obtained consent judgment against individual officers).

Such is quintessentially what plaintiff attempts to do here. Judgment in this case was entered more than five months before plaintiff applied for a writ of garnishment. To the extent the question whether defendant was acting within the course and scope of his employment was factually intertwined with the issues actually tried in the case,[2] the court's ability to consider such issues "vanished" once judgment entered. *Peacock*, 116 S.Ct. at 867. Consideration of the instant writ requires an independent basis of federal jurisdiction, but none exists. The plaintiff and the City are not diverse from one another, and plaintiff's claims in support of the writ arise under Colorado law.

Therefore, I conclude that the court is without jurisdiction to consider the matter further. Accordingly, the transverse must be denied and the writ dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Traverse of Answer to Garnishment** [#136], filed March 4, 2014 is **DENIED**;

2. That the **Writ of Garnishment** [#133], filed January 14, 2014, is **DISMISSED**; and

---

[2] The City was not a party to – and thus not bound by – plaintiff's and defendant's stipulation at trial that defendant acted within the course and scope of his employment.

3. That plaintiff's **Opposed Motion for Expedited Ruling Due to Seasonal Change [Doc. # 153]** [#153], filed September 8, 2014, is **DENIED AS MOOT**.

Dated October 8, 2014, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

5